HENRY SCHERER, complainant-appellant,

*v.*

CHARLES BANG, defendant-respondent.

[Argued January 21st 1925. Decided March 16th, 1925.]

1. A final decree of the court of chancery, confirming a special master's report, will not be reversed because the special master did not take testimony and report concerning a matter in respect to which the bill of complaint did not pray for relief, and which was not referred to him by the interlocutory decree.

2. A mortgagee in possession is not bound to expend money on the mortgaged premises further than to keep them in necessary repair; that is to say, such repair as is absolutely necessary for the protection of the estate.

3. Where one gives a deed for premises, and takes from the grantee an agreement for a reconveyance on the repayment to the grantee of a certain sum of money advanced, and future advances, upon a certain day, and defaults in such payments, and later brings suit for a redemption of the premises, he will be charged with interest upon such sums advanced from the date of default, although the agreement was silent as to interest.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder.

*Mr. Palmer Bradner (Messrs. Heine, Bradner & Laird, on the brief), for the appellant.*

*Mr. Harry Castelbaum, for the respondent.*

The opinion of the court was delivered by

TRENCHARD, J.

This suit was brought by Henry Scherer to redeem mortgaged premises.

The salient facts set up by the bill of complaint are as follows: In July, 1910, Scherer delivered a warranty deed in fee-simple to the defendant, Charles Bang, embracing the property in dispute. At the same time Bang executed a defeasance, which provided that the deed was to operate as a security for the sum of $635 and for future advances to be made by the defendant. It further provided for the repayment of the money on or before April 1st, 1911, and the reconveyance of the property to the complainant. Pursuant to the contract, Bang entered into possession of the premises, except a certain portion thereof, which continued to be occupied by the complainant as a residence, and this situation continued until July, 1920, during all of which time the defendant, Bang, collected the rents accruing from the property. At the time last mentioned the complainant demanded an accounting, in order that the transaction might be closed

and reconveyance made, but this request Bang refused. The prayer of the bill was—(1) that the deed be decreed to be a mortgage; (2) that the defendant be decreed to "render a just and true account of all the rents and profits received by him from said lands and premises and of any sum or sums which may be due to him for principal and interest for his mortgage;" (3) that the complainant be allowed to redeem the premises by paying to the defendant such sum or sums as might be found due to the defendant by such accounting, and (4) that the defendant be ordered, upon payment of such sum or sums, to surrender possession of the premises and to deliver a deed therefor to the complainant.

At the hearing an interlocutory decree was made, adjudging the complainant's right to the relief sought in the bill, and referring it to a special master "to take and state the account between the said complainant and the said defendant touching the amount due to the said defendant under the said agreement between them, and that the said master take an account of the rents and profits of the said premises due and to grow due and of the amounts, if any, to be deducted out of or charged against the same, and which shall be found due to the defendant as aforesaid." This the special master did, and upon the coming in of his report the complainant excepted to the failure of the master to find that the defendant neglected to keep the premises in proper repair, and to his finding that the defendant was entitled to interest upon moneys advanced by him. The exceptions were overruled, except in some minor unimportant respects; a decree was made confirming the report, and the complainant has appealed.

The report as modified by the final decree showed that there was due the defendant the sum of $16,302.51 over and above the moneys he had received from rentals, &c.

The first ground upon which a reversal is sought (as stated in the brief) is that "the special master should have taken testimony and reported on the question of the liability of the defendant for failure to keep the premises in a proper state of repair."

To this we answer—

First, that the bill did not pray for any such relief, and no such matter was referred to the special master by the interlocutory decree; and, of course, the final decree confirming the special master's report will not be reversed because he did not take testimony and report concerning a matter in respect to which the bill did not ask for relief and which was not referred to him by the interlocutory decree.

Secondly, a mortgagee in possession is not bound to expend money on the mortgaged premises further than to keep them in necessary repair—that is to say, such repair as is absolutely necessary for the protection of the estate. *Clark* v. *Smith, 1 N. J. Eq. 121; Shaeffer* v. *Chambers, 6 N. J. Eq. 548.* The vice-chancellor, in effect, found and decreed that the defendant had performed his duty in that respect, and we are satisfied that this finding was entirely justified by the evidence taken before him at the hearing. The testimony was to the effect that necessary repairs were made from time to time. The wife of the complainant, who lived there all the time, testified that the premises were in the same condition at the time of the hearing as when taken over by the defendant. Moreover, the admission of the complainant himself that, during all these years, he made no complaint to the defendant of failure to repair, is particularly significant.

The only other reason urged for reversal is that the court of chancery erred in allowing interest on the moneys advanced by the defendant for the benefit of the complainant.

We think there is no merit in this contention. It has for its only foundation the fact that the defeasance agreement executed by the defendant made no express provision for interest. Where, as here, one gives a deed for premises and takes from the grantee an agreement for a reconveyance on the repayment to the grantee of a certain sum advanced, and future advances, upon a certain day, and defaults in such payments, and later brings suit for a redemption of the premises, he will be charged with interest upon such sums advanced from the date of default, although the agreement was silent as to interest. Such was the course pursued in the in-

stant case. That was not only equitable and just, but in this case was evidently contemplated by the parties, as seems to be conceded in the prayer for an accounting in the complainant's bill.

The decree below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.